v. Jackson, 24-2135. Mr. Stoltz, I understand that you have asked to reserve five minutes of your time for rebuttal. Yes, Your Honor. Is that correct? Yes, Your Honor. All right. You may proceed. Thank you very much. Good morning, Your Honors. And may it please the Under 38 U.S.C. section 5904C1, a representative may legally charge fees for services after a claimant has provided notice of the agency of original jurisdiction's initial decision with respect to the case. The case here is compensation for the veteran's hip condition. The initial decision here is the March 2008 rating decision, and in September 2021, Attorney Jackson filed a supplemental claim for the veteran. MVA, this Court's MVA decision, made clear that an accredited representative may charge fees for work performed by filing a supplemental claim, regardless of whether it was filed within... Counselor, this case raises quite a few interesting questions, and I'd like to get to a couple that I have, anyway, and I know my colleagues do as well. First of all, we have a statute that's in play here, as well as a regulation. My first question is whether these two can coexist, or if it's necessary that one of these statutes be interpreted in a way as not being valid. That's my first question. The other is that, aren't we... The basic issue is whether a claim for an increase in benefits is a new claim or a supplemental claim. To Your Honor's first question, in our opening brief and in our reply, we did discuss the interplay between the statutory framework and the bit of tension between particularly 38 CFR Section 3.1 P.1.2 and 14.636 B.1 i. And we do, in order... The most complete decision from this Court would be to strike those regulations as not in accordance with the statutory framework. They're outside of the scope of what Congress intended and what the plain language of the statutes at play here say about the charging of fees. At the very least, they're unclear. The regulations are unhelpful in establishing the fee triggers in AMA cases. And to Your Honor's second question, it is a supplemental... What was the answer to the first one, that they can coexist? They should be struck down. I'm sorry? You said the regulations. The regulations. I'm sorry. The regulations should be struck down. Should be struck down. The ones highlighted in our opening and reply briefs. As far as the supplemental claim, which brings us back to the statutory framework, and as we argued both below and here, this is a supplemental claim and not an increased rating claim, although the real analysis has to begin with 5904 C.1. And this Court's line of cases... And also, does a supplemental claim require a disagreement with a prior VA decision? Disagreement is not found anymore. As far as a fee trigger, there's really no disagreement anymore. It can be an administrative review, as articulated in MVA. And the key language in 101-36 for supplemental claim is it's the same or similar basis. And that was really highlighted in the dissent from the Veterans Court that 101-36 is planned on its... Once you read 101-36 in connections with 5904 C.1, it becomes evident that at least in the fee triggering part of the now AMA process that VA benefits are in, at least in that, it becomes very clear and very easy that the supplemental claim here came in, it was for the compensation for the veteran's left hip, same or similar basis as was established back in the first time it came up as for compensation. The Veterans Court kind of contorted itself, and I think VA is really contorting itself a bit, to legacyize this in the fee context, and they're looking for a disagreement. It doesn't necessarily have to be a disagreement anymore. And Congress made that clear by furthering, backing up kind of a line, if you will, of when an accredited agent or attorney can legally charge a fee. So counsel, one of my concerns is with respect to your argument, would every claim after a claimant's first claim be considered a supplemental claim? If it's part of the same case, yes, it's a supplemental claim. It's the same or similar basis. It's going to come back and relate back to that initial claim as articulated in the statute. And so it is in the AMA, these are all supplemental claims that come in. There are two flavors of supplemental claim, as the court talked about in the MVA decision. There's a supplemental claim that kind of comes in within the year, it's a continuously prosecuted claim, and there's a supplemental claim that comes in after a year. But in a case like this where you've got one compensation award already and service connection established, what's going to come in after that has to do with that particular case is going to be a supplemental claim. Can you give me an example of when you think it would not cost to a supplemental claim? I'm not sure that I can think of anything in the AMA context that would not really be as far as how VA is going to see this. Actually, I can. It would be a different, if it's a different case entirely, so if this case was, and that's what I think distinguishes where we are in this case from kind of the Persevali and Carpenter and those types of cases that are cited in the briefing by both parties, is that if a claim comes in and it is for a new disability, outside of the very broad scope that Jackson articulates for a case, that would not be a supplemental claim, that would be a new initial claim. Even though it's based on the injury that's service-connected? If it's based on the injury that's service-connected and there's already compensation established for that, that I believe, Your Honor, I would suggest would be construed as a supplemental claim, both for the veteran's benefit and for the V-triggering part of the AMA. And so the VA and the courts would have to still conduct the analysis of what constitutes, again, all roads lead really to 5904C1, whether it's part of the same case, you're going to have something coming in that's a supplemental claim. If it's a new thing altogether, that's going to be an initial claim to Judge Cunningham's point. So, Mr. Jones, you would agree that something can be a supplemental claim as defined in 101-36, but not necessarily part of the case under 5104C1? It could be. I mean, you say that's not – not to use the word case again here – but you say that's not the case here, right? Correct, Your Honor. That's absolutely correct. But you'll acknowledge there could be a situation where, in other words, not every supplemental claim is part of the case for purposes of the 5104C1. You would have to be – if it's based on – you have to read the statutes, right? And so, yes, I agree with Your Honor's point. But, again, a lot of – in this system, the way the AMA is, the 101 is – the 101-36 is kind of the fix-all for how to keep these claims alive and how to get the proper effective date. And so the majority of them, I think, are going to be supplemental claims, Your Honor. Well, that may be, but it's still – in order for your client to – it has to be both a supplemental claim and part of the case, right? I think that's the easiest way for us to prevail. That's the way that I would see the case. Looking at how broadly this Court has continued to define case, I don't know that it needs to be a supplemental claim for the fee-triggering part of it, but that's the way that the lower court really thought about this. So there's two steps here. Yes. Yes, Your Honor. But it sounds like, inherent in how you just answered, are you saying we don't have to find it to be a supplemental claim in order for your client to prevail? You do not have to if it follows the line of cases that, you know, keeps articulating that a case is very broad. The reason, really, that that argument – and it's an easier path home and probably cleaner, frankly, to say that this is a supplemental claim and easier, really, for VA to implement this is the 101-36 line of argument. But what we kind of articulated in our opening brief, Your Honor, to clarify the point, is just that under the line of – going back to Jackson and Carpenter, up through this Court's very recent decision that's not cited but that came out on Friday, the Holstein decision, you know, cases has continued to be defined broadly. Really, the trip-up for being able to charge a fee, even outside of a – and this is just theoretical, we're not in this world, we're in the AMA world, and this is a supplemental claim. But theoretically, what tripped the lower court up on finding against Ms. Jackson, in this case, was the Cameron decision. And that was their jurisprudence. It was – we've dealt with it in our opening brief and talked about how it was Rule 36 in this Court. But there is a way to read this if Cameron doesn't exist, you know, that this doesn't necessarily have to be a supplemental claim in order for Ms. Jackson to prevail. But to Judge Schall's point, that's the cleanest, best, I think, way to think about it in this case. Just also to answer, the 101-36 says the term supplemental claim means a claim for benefits. And I think the government makes the argument here, and maybe I'm wrong, that we're talking about something different here for additional compensation. How do you view generally benefits in terms of that statute? Benefits – I'm sorry, Your Honor. Does it encompass both the original entitlement determination of an injury that's compensable, or does it include also compensation flowing therefrom? It includes the – again, the way I think about it, and I know that I keep saying this, but it helps me to clarify in my head that 101-36 can be read in complete harmony with 5904. And so once it's part of that same case, the case under the BOG standard is the compensation for a disability. And so what comes in after that in the supplemental claim are more benefits, but not a different benefit or a different basis. I hope that answers Your Honor's question. But compensation is a benefit. Would you say compensation is a benefit? Yes. Because in the briefing you cited to various statutory headings and other provisions. So it seems to me you take the position that compensation is a benefit. Yes, compensation is a benefit. An increase of compensation is a benefit. But, again, what triggers it is that same or similar basis, especially for the entitlement to fees. At its heart, this is a bit of a threshold case. It's just when can an attorney or accredited agent legally charge that fee, and that's in the analysis that we put forth. So what is the AMA statute when it cites a similar basis, similar benefits or the same or similar basis? Setting aside the benefits, just a similar basis, are we talking about the compensable injury? Yes. Yes. Yes, Your Honor. This is a left hip condition. We're not talking about submission of the same evidence? In order to meet the standard, there would need to be some new and relevant evidence to come in in order to trigger this. And that's what happened here, and that's why he was entitled to increased compensation. Why doesn't the February 2021 hip surgery, due to a worsening condition, provide a different factual basis than the 2007 claim? Because it still relates back to the case, and that's the broad view. Whether the factual scenario changes now that there's the supplemental claim avenue, which is why I talked about how it's a little cleaner and better, I think, to think about this as an AMA case, it comes in under that broad definition of case, Your Honor. It doesn't matter that there was he had a worsening condition, the supplemental claim came in, in accordance with the MVA decision outside of the year. For the purposes of triggering a fee or the entitlement to a fee, that's all that is necessary here. Again, you have to kind of conduct that 5904 analysis in order to get there. Thanks, Professor. I have just one question. You say we should overrule or strike down, I guess, the regulation at 3.1P.1.2Y, but I wonder, the regulation says initial claim, initial claim is any complete claim other than a supplemental claim. Initial claims include. So the regulation is talking about initial claims, carving it out from a supplemental claim. Why, assuming for the moment we ruled in your favor, would we have to then strike down that regulation? Because it seems. I think that it can be read that way, Your Honor. The way that the lower court and VA read it is what led us to saying that, to the extent that that regulation is not in harmony with the statutory scheme. I see. Okay. But if it is in harmony, it's okay. I had a similar thought, Your Honor. I had a similar thought. Thank you. We'll let you rebuttal time, and we'll restore some of your time. Thank you so much, Judge. Thank you. Counselor Kuhn. Good morning, Your Honor. May it please the court. Dr. Lovier's 2021 surgery could not have been a basis. That was included in his 2007 claim. And Dr. Lovier's September 2021 claim was, therefore, his initial claim based on his surgery earlier that year. When my friend on the other side mentioned that it relates back, there is no basis for having that relation back. It is a new event. It's a new reason for that claim. And so 2021 claim, that's its own initial claim. And that claim was granted by VA in the December 2021 initial decision. And under VA's non-adversarial system, if a veteran has a good claim, VA should grant it. And the veteran gets to keep the whole veteran. So what are you arguing? That there's no similar basis here? Well, that is not a similar basis, because that surgery never occurred previously. It never occurred any time during the pendency of the 2007 claim. And so it's an entirely new event. Isn't that, by definition, what a supplement claim is, something that occurs after the initial or the operative period? And Your Honor is right. So supplemental claim by itself, the terminology, can be brought. One thing that's missing in my friend on the other side's argument is to go back to Section 5108. 5108 is entitled supplemental claim. So the whole section is devoted to supplemental claim. And the history of 5108, first of all, on the face of 5108 as it stands today, it requires a supplemental claim to be re-adjudicated. That means the claim it's supplemental to has to be previously adjudicated so that a supplemental claim would be a re-adjudication. Here, the surgery was never part of any previous adjudication. If you have a claim for an increase in benefits due to a worsening condition, that can't be a supplemental claim. That is not a supplemental claim because that worsening happens subsequent to the previous claim. So if that worsening was never part of the previous claim, that is a new claim. And that is the case in the old system too. How can that be if you have veterans who have a service-connected injury and over time that injury or the conditions that are brought on by that injury worsen to a point to, for example, here, there's a hip replacement. And you're saying that that hip replacement is not connected, is not similar to the initial disability? It is not because, again, these events happen after that initial claim. So under the old system, a claim for increase in benefits would be a new claim as well. It would not have been a reopened claim. So that goes to the history of 5108. Prior to the AMA, 5108 addressed a claim for reopening. And back then, if Your Honor looked at the actual changes in 5108 from pre-AMA to AMA or through AMA, we can see that previously 5108 was addressing first reopening disallowed claim. That was the old 5108. And back then it said, if new and relevant evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. So back then, under that regime, a claim for increased benefit would not have been a claim for reopening. And as this Court recognized in the MVA case, a supplemental claim is meant to replace a claim for reopening. Mr. Kwan, let me ask you just two questions. What's interesting is in her briefing, Ms. Jackson placed a significant reliance upon the Boggs decision. Yes, Your Honor. Interestingly, I could have missed it, but it didn't appear to me that either the majority or the minority in the Veterans Court cited Boggs. Maybe I'm wrong. I could have missed it. But I know you didn't cite Boggs. But I want to give you a chance to respond to Ms. Jackson's Boggs argument. Thank you, Your Honor. What is your response to her reliance on Boggs? First of all, the reliance on Boggs is misplaced in this case because Boggs was addressing Section 7104 about the jurisdiction for the board. And the language that's at issue in Boggs is, I believe, the phrase, based upon the same factual basis. That is not the same statutory language at issue here. The statutory language at issue here is from Section 101, Paragraph 36, same or similar basis. So if we compare those two, we can see immediately the difference in the statutory language. And what's also apparent is that Ms. Jackson is inserting the word factual basis into the word basis at issue here, which is in Section 101, Paragraph 36. So Boggs doesn't apply. Let me ask you one other question. Assume for the moment that one were to agree with Mr. Stoltz that we do have a supplemental claim here. That means that in order to prevail, I think, if I understand things correctly, you have to establish that, yes, that was a supplemental claim, but not with respect to, quote, the case, close quote, in 5104C1. In other words, you would be saying, well, a supplemental claim isn't always part of the case. What is your best argument for the proposition that Ms. Jackson doesn't make or meet the case requirement of 5104C1? First, Your Honor, again, we can point back to Boggs. Because in Boggs, the court in Boggs said that the two conditions, one type of hearing loss in an earlier claim and another type of hearing loss in a later claim, they're not in the same case because the later one cannot deprive the board's jurisdiction of the earlier claim. And so that's the same here. These two are not the same case. In Boggs, the Federal Circuit, this court- Well, so you have a change of circumstances here. I'm sorry, Your Honor? You had a change of circumstances here in the sense that there had been the original determination with respect to the hip condition. And then subsequently, there had been the surgery, so you had new circumstances. Does that make a difference? Yes, absolutely, Your Honor. It's an entirely new basis. It's not same or similar. And that's what the Veterans Court had found, that it was not same or similar. And it's entirely new because that's a surgery. And when there's a surgery- So, Counselor, I do understand how you're making the argument that it's not the same basis, but I do want you to expand on your viewpoint that it's not a similar basis because I think of similar obviously as broader than same basis. Yes, Your Honor. And this goes back to the textual argument I was making in pointing out Ms. Jackson's argument by inserting a factual basis. Now, the statutory language requires same or similar basis. That includes both legal and factual. And this is what the Veterans Court pointed out in their opinion, discussing both legal and factual basis. So the legal basis for a service connection is different from a legal basis for increasing benefit. Okay, so it sounds like your argument boils down to the fact that because it's basis, not factual basis, it needs to be both the same or similar factual and legal basis? That's part of it.  And so the legal basis is different. The factual basis is also not similar either because a hip symptom back in 2007 or before that was different than the hip symptom now. And that's if we follow Boggs, the overlapping symptomatology is not enough to make them the same case. And then just following up on what Judge Shaw asked you in terms of the case argument, do you agree that you need to win on either the case argument, the argument that I think Judge Shaw presented to you, or on the supplemental basis argument? I think we can win on either. Okay. But we want to point out that the regulatory definition of supplemental condition is the correct definition because VA took into account Section 5108, as I pointed out earlier. And I believe that is the weakest link in Ms. Jackson's argument, they're defining supplemental claims so broadly that it's anything but the very first claim because 5108 requires adjudication. Doesn't your position render the statute superfluous? I'm sorry? Doesn't your position render the statute superfluous? No, Your Honor. Actually, it's quite the opposite. Our position is consistent with both. We are matching up 101 paragraph 36 and 5108 because those are both, they should take full effect. And our reading gives them full effect. In fact, Ms. Jackson's argument also creates conflict, as the Veterans Court correctly explained, between 5110A2 and B3. And Ms. Jackson cites the Arellano case from the Supreme Court saying that subsection B creates a general exception to subsection A. That is incorrect because the Arellano case was really limited to subsection A1 because subsection A1 includes the caveat that unless otherwise provided in this section. But A2 doesn't do that. And so we urge the court to read the Arellano case carefully and not follow Ms. Jackson's argument to say that subsection B creates a general exception to subsection A. Arellano is much narrower than that. The statute reads, excuse me, the regulation at 3.1P1i2i. That only reads an initial claim is any complete claim other than a supplemental claim. Does the complete claim, does that definition have any impact on this? The complete claim in this case I don't think has any impact in this case. But it is part of a reasonable reading of the word initial claim. Do you believe that all supplemental claims are compensable under section 5904C? No, Your Honor. I believe this 5904C still needs to go through all the terms in that statute to be awarded fees. And that is what's also missing in this case is that, again, there is, it was not an initial decision relating to this case. And that's in 5904C. That is going to Your Honor's argument or thought process about Ms. Jackson needing to prevail to show that, to win on the argument both on the supplemental claim and the case argument. What is your best argument that it's not part of the same case? Again, so as we pointed out earlier, the surgery is an entirely new event. And VA's practice has always been that if there is a hip replacement surgery, that's automatically 100% disability. At least during that time being hospitalized for the hip surgery. So that is an entirely new basis. Even under Box, it would be an entirely new case. And prior to AMA, that hip surgery was never previously decided upon. And now it was also not previously adjudicated. So it is not a supplemental claim because it's a new basis that was never previously adjudicated. Okay. Thank you, Your Honor. Thank you, Ferrari. Counsel, we'll restore your time to four minutes. Thank you, Your Honor. Just to briefly address some points. It's telling in listening to my friend present the government's case here that he started really diving into and explaining how fee triggers worked in the legacy system. And that to me is really where the Department of Veterans Affairs and the Veterans Court has gone so wrong in its decisions, in its decision in this case, is that we are not in that legacy system anymore. We are under the AMA where Congress has again, as we pointed out in our reply brief, has again moved the line back and liberalized how an attorney or an accredited agent can charge fees. And so starting the argument there is telling in my opinion, and I think that it can inform the way the court thinks about this case. We are now in this new system. It's the 5904 line of cases was trending in that direction because of Jackson, Carpenter, et cetera, talking about the liberal case. And that's necessary here. It's a linchpin of our argument, but it's not the whole thing. And that's why we talked about Boggs because of the same factual basis. And here Boggs helps guide that inquiry to Judge Shaw's point, which is why we cited that in our briefing. And read as a whole and in the context of the liberalized world of the AMA and in the liberalized way in which Congress really encouraged the use of supplemental claims to simplify this system and got away from that notice of disagreement and all of the esoteric things that really were built up over the course of the surplus year. Mr. Stowe, let me just ask you. I want to make sure because we don't have much time at this point. Let's assume you're correct that you have a supplemental claim as it's defined. Then we have to determine though whether it was part of the original case, right? Yes, Your Honor. Would you agree with the general proposition that something can be a supplemental claim but not always part of the original case? There can be situations where a supplemental claim exists, but it's not part of the original case for purposes of 5104C1. I'm just asking the general proposition there. The general proposition I believe can make some sense as to whether it's a supplemental claim. I know you would contest it here in your case. Yes, Your Honor. I'm just talking about the general proposition. Yes, though I think that would be rare because of the same or similar language that is in 10136. I think that would be rare. Possible but rare. Possible but quite rare. Rightly so. The supplemental claim is a way for veterans to be able, and I was also struck, there's really no question that supplemental claims that are continuously pursued are a fee-triggering event. But MVA made clear that it doesn't have to come in within that year. So the supplemental claim here, this is a supplemental claim in the same case. And so I think that's the more likely scenario that we're going to see as the AMA winds its way forward. But I do acknowledge Your Honor's point. Okay. With that. Okay. Thank you for your argument. Thank you, Your Honor. We thank the parties for the argument. The case will now go to submission.